# EXHIBIT A

# STATE OF NORTH CAROLINA

_____ Wake _____ County

File No.
17 CVS 3589

In The General Court of Justice
☐ District  ☒ Superior Court Division

**Name of Plaintiff**
Atlantic Foundation & Repair, L.L.C.
**Address**
c/o Attorneys at DeMent Askew, LLP, PO Box 711
**City, State, Zip**
Raleigh, NC 27602

## VERSUS

**Name of Defendant(s)**
Regional Waterproofing, Inc., and
Basement Systems, Inc.

## CIVIL SUMMONS

☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3, 4

**Date Original Summons Issued**

**Date(s) Subsequent Summon(es) Issued**

## To Each of The Defendant(s) Named Below:

**Name And Address of Defendant 1**

Basement Systems, Inc.
 by and through its Registered Agent, Lawrence M. Janesky
60 Silvermine Road
Seymour, CT 06483

**Name And Address of Defendant 2**

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)**
James T. Johnson
Chynna T. Smith
DeMent Askew, LLP
PO Box 711, Raleigh, NC 27602          919-833-5555

**Date Issued**
2-12-18

**Time**
4

☐ AM  ☒ PM

**Signature**

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**

This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date of Endorsement**

**Time**

☐ AM  ☐ PM

**Signature**

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration and, if so, what procedure is to be followed._

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts          (Over)

Case 5:18-cv-00106-BO   Document 1-1   Filed 03/22/18   Page 2 of 58

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to person named below.

*Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name of Sheriff (Type or Print) |
| Date of Return | County of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative of the Courts

STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
            SUPERIOR COURT DIVISION
WAKE COUNTY        17 CVS 3589

ATLANTIC FOUNDATION &amp;    )
REPAIR, L.L.C.,        )
             )
    Plaintiff,     )
             )
    v.        )  **FIRST AMENDED COMPLAINT**
             )
REGIONAL WATERPROOFING, INC., )
and BASEMENT SYSTEMS, INC.,  )
             )
    Defendants.    )

    Plaintiff Atlantic Foundation &amp; Repair, L.L.C., pursuant to Rule 15 of the North

Carolina Rules of Civil Procedure and with leave of court, hereby amends its Complaint

originally filed in this matter by replacing said Complaint in its entirety with the

following.

    Plaintiff Atlantic Foundation &amp; Repair, L.L.C., complaining of Defendants

Regional Waterproofing, Inc. and Basement Systems, Inc., alleges and says as follows:

<div align="center">

**PARTIES**

</div>

    1.  Plaintiff Atlantic Foundation &amp; Repair, L.L.C. ("AF&amp;R" or "Plaintiff") is

a limited liability company duly organized and existing under the laws of the state of

North Carolina. At the time this lawsuit was commenced, its principal place of business

was in Garner, Wake County, North Carolina. Currently, its principal place of business is

in Selma, Johnston County, North Carolina.

    2.  Defendant Regional Waterproofing, Inc. ("Regional" or "Defendant") is

a corporation organized and existing under the laws of the state of North Carolina with a

principal place of business in Wake County, North Carolina.

3.      Defendant Basement Systems, Inc. ("Basement Systems") is a corporation organized and existing under the laws of the state of Connecticut with a principal place of business in Seymour Connecticut.    Basement Systems does business nationwide and throughout the state of North Carolina with offices and places of business in, among others, Wake County, Mecklenburg County, Forsyth County, and Sampson County.

## JURISDICTION AND VENUE

4.      The subject matter jurisdiction over this cause is conferred upon and vested in this Court under and by virtue of N.C. Gen. Stat. §§ 7A-240 and 7A-245.

5.      Venue for this cause is properly in this Court pursuant to N.C. Gen. Stat. §§ 1-79, 1-80 and 1-82.

## FACTS

6.      AF&R is a full service foundation repair business. AF&R has been operating business since 1999 and has been registered with the North Carolina Secretary of State since January 14, 2002.    AF&R began operating primarily in the Triangle area, but rapidly grew to performing operations in all areas of North Carolina. It now services North Carolina, South Carolina, and Virginia; however, most of its business is performed within a 100 mile radius of Raleigh.    AF&R also operates wholesale business through the United States.

7.      While it performs all types of foundation repair services, AF&R specializes in helical pier installation.  A helical pier is a metal rod drilled into the ground all the way down to competent soil that is attached to the underside of a foundation.  The helical pier provides stability and lift for foundations that are sinking or otherwise unstable.  AF&R also performs structural floor system repairs, crawl space drainage,

2

mold remediation, wood rot repair, masonry pier construction, complete crawl space / basement drainage / waterproofing services, concrete leveling, retaining wall repair, and basement wall repair.

8.    AF&R is the owner of all rights, title and interest in the common law and registered trademark, "Atlantic Foundation & Repair," registered with the U.S. Patent and Trademark Office, Registration No. 2,937,577, for building foundation repair and stabilizing services, in Class 37 ("the AF&R Trademark" or "Trademark"). AF&R registered its Trademark in 2005 and has renewed the Trademark without lapse since then.

9.    A true and accurate copy of the registration certificate is available on the USPTO website. Pursuant to 15 U.S.C. § 1057(b), the registration certificate constitutes prima facie evidence of the validity of the registration, of AF&R's ownership of the Trademark, and of AF&R's exclusive right to use the Trademark in commerce with the products and services specified above.

10.    AF&R has enjoyed a reputation as one of the area's leading foundation repair businesses. This reputation is based largely on the quality of its work and reliability of its products.

11.    AF&R has invested resources, including extensive advertising, to develop and foster the reputation, recognition, and goodwill associated with its services and products.

12.    AF&R has used and continues to use its Trademark in all of its business dealings to identify its products and services.

3

13.     As a result of AF&R's continuous advertising, promotion, and business dealings under its trademarked name, the Trademark has acquired recognition and value throughout North Carolina and the United States.

14.     Regional initially began its business primarily as a waterproofing company. However in recent years, it has begun to perform foundation repair and many of the other services that AF&R offers, to the point that, now, both companies offer generally the same services.

15.     At all times alleged herein, each of these companies were, and are, very aware of the existence of the other. They are direct competitors for substantially the same business in the same market.

16.     Basement Systems is a large national company providing basement waterproofing services – substantially the same services that Regional and AF&R provides. Basement Systems has independently owned and operated vendors/dealerships throughout the country and throughout the state of North Carolina.

17.     At all times alleged herein, Regional was a vendor/dealership of and for Basement Systems. By and through the contractual relationship between Regional and Basement Systems, at all times alleged herein, Basement Systems provided all internet advertising services and on-line marketing services to Regional.

18.     With regard to acts related to internet advertising and on-line marketing referenced herein, at all times alleged herein, Regional was an agent of Basement Systems, and Basement Systems was an agent of Regional. Accordingly, Basement Systems is liable for all of the acts and wrongs committed by Regional as alleged herein, and Regional is liable for all of the acts and wrongs committed by Basement Systems as

4

alleged herein, through the theories of agency, respondeat superior, or as otherwise provided by law.

19.     While Regional was aware of the existence of AF&R as their direct competitor as referenced above, Basement Systems was also very aware of AF&R as their direct competitor.  In fact, Basement Systems had in the past solicited AF&R in an attempt to recruit them to become one of their vendors/dealerships.  AF&R declined these overtures.

20.     In or around mid-2016, or earlier, Defendants Regional and Basement Systems contacted Google and paid for at least two different search results page ads, and possibly more, to run on Google with the specific intent to deceive online users into thinking its business was AF&R or affiliated with AF&R.  These ads were intended to trick online users that were wanting to call or contact AF&R to call or contact Regional instead, by mistake.

21.     The first search results page ad that Defendants paid for was captioned "Atlantic Foundation Repair – regionalwaterproofing.com."  The search result entry had the Regional company phone number directly beneath the caption.  So, if anyone typed "Atlantic Foundation & Repair" into a Google search, this would be the first entry to appear in the search results.  A true and accurate copy of a screenshot of this search results page ad is attached as Exhibit A.

22.     Another search results page ad that Defendants paid for was captioned "Atlantic Foundation Repair – North Carolina Waterproofing Pros."  The search result entry had the Regional website and phone number directly beneath this caption.  Again, so for anyone that typed "Atlantic Foundation & Repair" into a Google search, this would

be the first entry to appear in the search results. A true and accurate copy of the screenshot of this ad is attached as Exhibit B.

23. Defendants' sole purpose in running these ads was to deceive and trick online customers that were looking for Atlantic Foundation & Repair into believing that Regional was Atlantic Foundation & Repair or was associated or affiliated with Atlantic Foundation & Repair. In these ads, Defendants adopted AF&R's name as its own, merely removing the "&" between "Foundation" and "Repair." Defendants may have run similar ads with the same intentions.

24. During this same timeframe, Tom Holland, Jr., President of AF&R, began noticing a significant drop in calls coming into its business. AF&R suffered a dramatic drop in business and revenue.

25. Eventually, in or around mid-January 2017, Mr. Holland and AF&R's website manager discovered Defendants' deceptive actions when they began noticing that when you did a Google search for AF&R, Regional was the first company that would appear in the search results.

26. Mr. Holland contacted the president of Regional, Mr. Vondell Bullock, Sr., and requested that he stop running these deceptive ads. Mr. Bullock's initial response was that he was not sure what Mr. Holland was talking about and that he would "check into it." Mr. Holland told Mr. Bullock the AF&R company name was a registered trademark. Mr. Holland gave Mr. Bullock a deadline to stop running the ads.

27. Regional and Basement Systems did not adhere to Mr. Holland's deadline and kept running the ads. Mr. Holland's website manager contacted Google and informed them of Defendants' actions. Mr. Holland retained counsel who then contacted

Mr. Bullock again and requested that Regional stop running the ads. Mr. Bullock admitted he knew what they were doing but indicated Regional did not intend to stop the ads. Shortly thereafter, however, it did appear that either Google on its own volition took the ads down, or Defendants stopped running the ads.

28. By the time Defendants ceased their deceptive actions, however, the damage had already been done. During the time that Defendants were intentionally running these deceptive ads on Google, AF&R lost a substantial amount of business and revenue. Since Defendants have stopped running these deceptive ads, AF&R's business has returned to normal; however, because these deceptive ads created confusion regarding the names of the two companies that still likely exists among many consumers, AF&R likely will continue to suffer damages as a result of Defendants' deceptive actions.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement in Violation of Section 32 of Lanham Act)

29. The allegations contained in paragraphs 1 through 28 above are realleged and incorporated herein by reference.

30. Defendants' actions constitute willful and deliberate use in commerce of reproductions, copies, and/or colorable imitations of AF&R's federally registered Trademark in connection with the sale, offering for sale, distribution, and advertising of Defendants' services and products in a manner likely to cause confusion, mistake, and deception, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. As a direct and proximate cause of Defendants' infringement, Defendants have received revenues and profits to which Defendants are not entitled, and AF&R has

7

Case 5:18-cv-00106-BO   Document 1-1   Filed 03/22/18   Page 10 of 58

suffered damages including without limitation, lost profits, impairment of the value of its name and Trademark, and loss of goodwill.

32.     Defendants' unlawful conduct as set forth herein was willful, deliberate, and in bad faith.

33.     AF&R is entitled to damages from Defendants, jointly and severally, in an amount to be proven at trial pursuant to 15 U.S.C. § 1117.  Defendants are liable to AF&R, jointly and severally, for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

34.     Defendants' violations have irreparably damaged AF&R, and it has no adequate remedy at law.  Unless enjoined, Defendants may continue the infringing use, causing further damage to AF&R and confusion among the public.

35.     Plaintiff has been directly and proximately damaged by the trademark infringement committed by Defendants in the form of loss of business, damage to its good will and reputation, and in other ways to be established at trial all in excess of Twenty-Five Thousand Dollars ($25,000.00).

## SECOND CLAIM FOR RELIEF
### (Federal False Designation of Origin and Unfair Competition in Violation of Section 43(a) of Lanham Act)

36.     The allegations contained in paragraphs 1 through 35 above are realleged and incorporated herein by reference.

37.     Defendants have willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that have caused confusion and mistake as to the origin, sponsorship, or approval by AF&R of services promoted by Defendants.

8

This conduct constitutes unfair competition and infringement of AF&R's Trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     As a direct and proximate cause of Defendants' unfair competition and infringement, Defendants have received revenues and profits to which Defendants are not entitled, and AF&R has suffered damages including without limitation, lost profits, impairment of the value of its name and Trademark, and loss of goodwill.

39.     Defendants' unlawful conduct as set forth herein was willful, deliberate, and in bad faith.

40.     AF&R is entitled to damages from Defendants, jointly and severally, in an amount to be proven at trial pursuant to 15 U.S.C. § 1117. Defendants are liable to AF&R, jointly and severally, for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

41.     Defendants' violations have irreparably damaged AF&R, and it has no adequate remedy at law. Unless enjoined, Defendants may continue the unfair competition and infringing use, causing further damage to AF&R and confusion among the public.

42.     Plaintiff has been directly and proximately damaged by the unfair competition and trademark infringement committed by Defendants in the form of loss of business, damage to its good will and reputation, and in other ways to be established at trial all in excess of Twenty-Five Thousand Dollars ($25,000.00).

### THIRD CLAIM FOR RELIEF
**(Federal Trademark Dilution in Violation of**
**Section 43(c) of Lanham Act)**

43.     The allegations contained in paragraphs 1 through 42 above are realleged and incorporated herein by reference.

44.     Defendants' infringing use, which commenced after AF&R's Trademark became widely known and famous, has diluted and continues to dilute the AF&R Trademark by impairing the ability of the AF&R Trademark to serve as a unique identifier and by tarnishing the good reputation associated with the Trademark. This constitutes trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

45.     As a direct and proximate cause of Defendants' trademark dilution, Defendants have received revenues and profits to which Defendants are not entitled, and AF&R has suffered damages including without limitation, lost profits, impairment of the value of its name and Trademark, and loss of goodwill.

46.     Defendants' unlawful conduct as set forth herein was willful, deliberate, and in bad faith.

47.     AF&R is entitled to damages from Defendants, jointly and severally, in an amount to be proven at trial pursuant to 15 U.S.C. § 1117. Defendants are liable to AF&R, jointly and severally, for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

48.     Defendants' violations have irreparably damaged AF&R, and it has no adequate remedy at law. Unless enjoined, Defendants may continue the unfair

10

competition and infringing use, causing further damage to AF&R and confusion among the public.

49.    Plaintiff has been directly and proximately damaged by the unfair competition and trademark infringement committed by Defendants in the form of loss of business, damage to its good will and reputation, and in other ways to be established at trial all in excess of Twenty-Five Thousand Dollars ($25,000.00).

## FOURTH CLAIM FOR RELIEF
### (Common Law Infringement of Trademark and Trade Name)

50.    The allegations contained in paragraphs 1 through 49 above are realleged and incorporated herein by reference.

51.    Atlantic Foundation & Repair is an established valid trade name. Prior to Defendants' actions alleged herein, Plaintiff had continuously and exclusively used the name Atlantic Foundation & Repair and, therefore, had acquired a proprietary interest in the name Atlantic Foundation & Repair.

52.    Prior to running the above-referenced ads under the name "Atlantic Foundation Repair," Defendants had full knowledge of the existence of AF&R and had knowledge of the areas that AF&R did business and advertised. Defendants adopted Plaintiff's name as their own, the only change being that they removed the "&" between "Foundation" and "Repair."

53.    Plaintiff and Defendants are rivals in the same business and provide the same or substantially similar services to their customers.

54.    Defendants' use of the name "Atlantic Foundation Repair" created a confusing similarity between the names of the companies.

11

55.     This confusing similarity was likely to, and has, misled prospective customers and the public as to the identity of the companies and the services and products they provide.  Further, Plaintiff and Defendants operate in the same geographical market sufficient to warrant protection of the Court.

56.     Plaintiff has been directly and proximately damaged by the trademark and trade name infringement committed by Defendants in the form of loss of business, damage to its good will and reputation, and in other ways to be established at trial all in excess of Twenty-Five Thousand Dollars ($25,000.00).

## FIFTH CLAIM FOR RELIEF
### (Civil Conspiracy)

57.     The allegations contained in Paragraphs 1 through 56 above are realleged and incorporated herein by reference.

58.     Defendants joined together in an agreement to commit an unlawful act, or do a lawful act in an unlawful way.

59.     In pursuit of their civil conspiracy, Defendants conspired to deceive potential clients and customers of AF&R into believing that Regional was in fact AF&R or was affiliated with AF&R in some way. Defendants further conspired to harm AF&R as set forth above and in other ways to be established at trial.

60.     The actions of Defendants were malicious, willful and wanton.  Plaintiff has been damaged by Defendants' unlawful actions in furtherance of said conspiracy and Plaintiff is entitled to recover damages from Defendants, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), together with interest as allowed by law.

## SIXTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

61.     The allegations contained in Paragraphs 1 through 60 above are realleged and incorporated herein by reference.

62.     By paying for and running ads on Google with the specific intention of trying to trick clients and customers into believing that Regional was in fact AF&R or was affiliated with AF&R, and by their actions as further set forth above, specifically in paragraphs 17 through 28, and in other ways to be established through discovery and at trial, Defendants acted in a manner which had the capacity or tendency to deceive and acted unfairly.

63.     Defendants' actions, as set forth herein, were acts in or affecting commerce and constitute unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1 *et seq.*

64.     Defendants' unfair and deceptive trade practices have directly and proximately caused Plaintiff damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

65.     By reason of the foregoing, Plaintiff is entitled to have its damages trebled and have the costs of this action, including reasonable attorney's fees, taxed against Defendants, jointly and severally, pursuant to N.C. Gen. Stat. § 75-16 and N.C. Gen. Stat. § 75-16.1.

## SEVENTH CLAIM FOR RELIEF
### (Punitive Damages)

66.     The allegations contained in Paragraphs 1 through 65 above are realleged and incorporated herein by reference.

67.     Defendants' actions in paying for and running ads on Google with the specific intention of trying to trick clients and customers into believing that Regional was in fact AF&R or was affiliated with AF&R, and their actions as further set forth above, specifically in paragraphs 17 through 28, were done with a malicious intent to harm and injure Plaintiff and Defendants knew or reasonably should have known said actions were reasonably likely to result in injury to Plaintiff.

68.     Defendants' actions as alleged herein constitute malicious, willful and wanton conduct which resulted in damage to Plaintiff.

69.     As a direct and proximate result of Defendants' malicious, willful and wanton conduct as alleged herein, Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

70.     An award of punitive damages is warranted to punish Defendants' egregious conduct and to deter Defendants and others from engaging in similar conduct.

## EIGHTH CLAIM FOR RELIEF
### (Preliminary Injunction and Permanent Injunction)

71.     The allegations contained in Paragraphs 1 through 70 above are realleged and incorporated herein by reference.

72.     While it appears Defendants are no longer running the ads referenced herein, upon information and belief, Defendants may be continuing to use the name Atlantic Foundation Repair to do business. Confusion between this name and the name of Plaintiff, Atlantic Foundation & Repair, continues to exist. Every day that this confusion exists, Plaintiff will continue to suffer injury and harm in the form of lost business and damage to its good will and reputation.

14

73. The issuance of a preliminary injunction restraining Defendants from using the name Atlantic Foundation Repair is necessary for the protection of Plaintiff's rights and to maintain the status quo during the course of this litigation.

74. There is a likelihood that Plaintiff will succeed on the merits of this case. Plaintiff will introduce this Verified Complaint or other evidence as required by the Court at the hearing on Plaintiff's request for a preliminary injunction.

75. Further, in order to continue to protect the rights of Plaintiff, it is necessary to permanently enjoin Defendants from using the name Atlantic Foundation Repair.

76. Pursuant to the Federal Lanham Act, N.C. Gen. Stat. § 1-485 and pursuant to Rule 65 of the North Carolina Rules of Civil Procedure, Plaintiff requests that the Court issue a preliminary injunction and a permanent injunction restraining Defendants from using the name Atlantic Foundation Repair or participating in any other similar unfair trade practices.

WHEREFORE, Plaintiff respectfully prays the Court as follows:

1. That Plaintiff have and recover from Defendants, jointly and severally, as a result of federal trademark infringement, false designation of origin, federal unfair competition and trademark dilution, compensatory damages in the form of loss of business, damage to its good will and reputation, and all other compensatory damages to which Plaintiff is entitled pursuant to 15 U.S.C. § 1117, or as otherwise allowed by law, in an amount excess of Twenty-Five Thousand Dollars ($25,000.00);

2. That, pursuant to 15 U.S.C. § 1117, Defendants account for and pay to Plaintiff all profits derived by Defendants resulting in Defendants' use of Plaintiff's Trademark;

3. That Plaintiff have and recover from Defendants, jointly and severally, for common law trade name infringement and unfair and deceptive trade practices, pursuant to N.C. Gen. Stat. §§ 75-1.1 *et seq.*, 75-16 and 75-16.1, compensatory damages in the form of loss of business, damage to its good will and reputation, and all other compensatory damages to which it is entitled, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

4. That the Court preliminarily during the pendency of this action, and permanently thereafter, enjoin Defendants from using the name "Atlantic Foundation Repair" or any other mark, word, name, symbol or slogan that is likely to cause confusion, mistake or deception with respect to Plaintiff's Trademark;

5. That the damages awarded to Plaintiff be trebled pursuant to 15 U.S.C. § 1117 and/or N.C. Gen. Stat. § 75-16 and 75-16.1, or, in the alternative, that Plaintiff have and recover punitive damages from Defendants, jointly and severally, in an amount to be determined by the trier of fact;

6. That Plaintiff have and recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and/or N.C. Gen. Stat. § 75-16 and 75-16.1, or as otherwise provided by law;

7. That Plaintiff have trial by jury on all issues so triable;

8. That the costs of this action be taxed against Defendants, jointly and severally; and

9.      That Plaintiff have such other and further relief as the Court may deem just and proper.

This the __12th__ day of February, 2018.

DeMENT ASKEW, LLP

By: _____

James T. Johnson
NC State Bar No. 19087
Chynna T. Smith
NC State Bar No. 48768
Post Office Box 711
Raleigh, North Carolina 27602
Tel. 919-833-5555
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, James T. Johnson, do hereby certify that the foregoing First Amended Complaint was served upon all parties of record by mailing a copy thereof to their counsel of record at the address indicated below with the proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service in Raleigh, North Carolina, in accordance with Rule 5 of the North Carolina Rules of Civil Procedure.

This the 12th day of February, 2018.

DeMENT ASKEW, LLP

By: _____
James T. Johnson
Chynna T. Smith
P.O. Box 711
Raleigh, NC 27602
Telephone: (919) 833-5555
*Attorneys for Plaintiff*

**SERVED:**

William T. Kesler, Jr., Esq.
Midkiff, Muncie & Ross, PC
1511 Sunday Dr., Ste. 308
Raleigh, NC 27607
*Attorneys for Regional Waterproofing*

18



 atlantic foundation repai × | Trademarks - Advertising ×

Secure | https://www.google.com/search?q=atlantic+foundation+repair&oq=atlantic+foundation+repair&aqs=chrome..69i57.3231j0j1&sourceid=chrome&ie=UTF-8

Citrix Secure Sign In · Salesforce · Pardot · company web · RFP Reference · 365 · consulting portal

Google

atlantic foundation repair

Sign in

All · Maps · Shopping · Images · News · More · Settings · Tools

About 768,000 results (0.64 seconds)

**Atlantic Foundation Repair - regionalwaterproofing.com**
Ad www.regionalwaterproofing.com/ ▾ (877) 618-4684
North Carolina Waterproofing Pros. Free Inspections and Estimates!
Services: Foundation repair, Wet basement repair, Crawl space repair, Concrete lifting, Sump pumps, M...
Free Quotes · Basement Waterproofing · Crawl Space Repair
721 E Gannon Ave., Mail: PO Box 917, Zebulon, NC

**BDry Foundation Repair - BDry.com**
Ad www.bdry.com/**FoundationRepair** ▾ (704) 323-5699
Fast & Reliable **Foundation Repair**. Schedule An Inspection Today!
Fast, local service · Talk to the experts · Financing Available
A+ Accredited Business Since 1991 – Better Business Bureau
BDry Waterproofing · Videos · Schedule Your Inspection · B-Dry Pricing Structure

**Atlantic Foundation and Repair**
www.**atlantic-foundation**.com/ ▾
Welcome to **Atlantic Foundation** and **Repair** Systems. You may have come here because you have noticed the telltale signs of **foundation** problems inside or ...

EXHIBIT A

# Atlantic Foundation & Repair

Website · Directions

Foundation in Garner, North Carolina

**Address:** 1455 Mechanical Blvd, Garner, NC 27529

atlantic foundation repair 

All    Maps    Shopping    Images    News    More ▾    Search tools

About 892,000 results (0.65 seconds)

**Atlantic Foundation Repair - North Carolina Waterproofing Pros**
`Ad` www.regionalwaterproofing.com/ ▾   (877) 618-4684
Free Inspections and Estimates!
Services: Foundation repair, Wet basement repair, Crawl space repair, Concrete lifting, Sump pumps...
⊙ 721 E Gannon Ave., Mail: PO Box 917, Zebulon, NC

 Basement Waterproofing   Free Quotes
 Crawl Space Repair

**BDry Foundation Repair - BDry.com**
`Ad` www.bdry.com/**FoundationRepair** ▾   (704) 323-5699
Fast & Reliable **Foundation Repair**. Schedule An Inspection Today!
Fast, local service · Financing Available · Talk to the experts
Services: Basement Waterproofing, Crawl Space Waterproofing, Foundation Repair
B-Dry Pricing Structure · Schedule Your Inspection · Videos · BDry Waterproofing

**Atlantic Foundation and Repair**
www.**atlantic-foundation**.com/ ▾
Welcome to **Atlantic Foundation** and **Repair** Systems. You may come here because you have
noticed the telltale signs of **foundation** problems inside or ...
You've visited this page many times. Last visit: 7/10/16

**Our Credentials - The Stabilizor - Atlantic Foundation and Repair**
www.**atlantic-foundation**.com/about-us/our-credentials/ ▾
In the years since we began diagnosing and fixing **foundation** problems. **Atlantic Foundation &**
**Repair** has gained a reputation for outstanding service. There are ...



Atlantic Foundation & Repair on Google

✎  Edit Information

📷  Add photos

✅  Do more with Google My Business

See photos    See o

**Atlantic Foundation & Repair**

Website  Direct

Foundation in Garner, North Carolina

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| WAKE COUNTY | 17-CVS-3589 |

FILED
2018 MAR 14 P 2: 55
WAKE CO. C.S.C.
BY _____

ATLANTIC FOUNDATION & REPAIR, LLC,

    Plaintiff,

vs.

REGIONAL WATERPROOFING, INC., and BASEMENT SYSTEMS, INC.

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ANSWER TO FIRST AMENDED COMPLAINT**

    **COMES NOW** Defendant Regional Waterproofing, Inc. (hereinafter referred to as "Regional"), by and through its undersigned counsel, answering the Plaintiff's First Amended Complaint, and alleges and says as follows:

## FIRST DEFENSE AND MOTION TO DISMISS

    Pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure, Defendant Regional moves to dismiss the state law claims asserted by Plaintiff because for lack of jurisdiction over the subject matter as these claims are preempted by federal law.

## SECOND DEFENSE AND MOTION TO DISMISS

    Pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, Defendant Regional moves to dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted.

## THIRD DEFENSE AND ANSWER

    Defendant Regional denies each and every allegation of Plaintiff's Complaint not hereinafter admitted, modified, or explained. Defendant Regional hereby responds to the specific numbered allegations of the Plaintiff's First Amended Complaint in corresponding numerical sequence as follows:

{01395118.DOCX }

1

## PARTIES

1.      Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.  Accordingly, the allegations contained in Paragraph 1 are denied.

2.      Admitted.

3.      Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.  Accordingly, the allegations contained in Paragraph 3 are denied.

## JURISDICTION AND VENUE

4.      The allegations of Paragraph 4 of the Complaint pertain to legal conclusions to which no response is required.  To the extent a response is required, denied.

5.      The allegations of Paragraph 5 of the Complaint pertain to legal conclusions to which no response is required.  To the extent a response is required, denied.

## PURPORTED FACTS

6.      Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6. Accordingly, the allegations contained in Paragraph 6 are denied.

7.      Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.  Accordingly, the allegations contained in Paragraph 7 are denied.

8.      It is admitted that Trademark Reg. No. 2,937,577 is a written instrument that speaks for itself.  To the extent the allegations in Paragraph 8 contradict this written instrument, they are denied.  Except as stated, Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.  Accordingly, the remaining allegations contained in Paragraph 8 are denied.

9.      The allegations of Paragraph 9 of the Complaint pertain to legal conclusions to which no response is required.  To the extent a response is required, denied.

10.      Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.  Accordingly, the allegations contained in Paragraph 10 are denied.

11.     Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11. Accordingly, the allegations contained in Paragraph 11 are denied.

12.     Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12. Accordingly, the allegations contained in Paragraph 12 are denied.

13.     Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13. Accordingly, the allegations contained in Paragraph 13 are denied.

14.     It is admitted that Defendant Regional has been in business since 1984 and performs foundation repair, basement waterproofing, crawl space repair, concrete leveling and other services. Except as admitted, Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14. Accordingly, except as admitted, the remaining allegations contained in Paragraph 14 are denied.

15.     It is admitted that Defendant Regional and Plaintiff are in the same general business. Except as admitted, Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15. Accordingly, except as admitted, the remaining allegations contained in Paragraph 15 are denied.

16.     The allegations contained in Paragraph 16 of the Complaint pertain a party defendant other than Defendant Regional and therefore no response is required from Defendant Regional. To the extent a response is required, the allegations contained in Paragraph 16 are denied.

17      It is admitted that Defendant Regional is a dealer for Basement Systems, Inc.'s products and that, from time to time, Basement Systems, Inc has provided marketing services to Defendant Regional. Except as admitted, the remaining allegations contained in Paragraph 17 are denied.

18.     Denied.

19.     It is admitted that Defendant Regional and Plaintiff are in the same general business. Except as admitted, Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19. Accordingly, except as admitted, the remaining allegations contained in Paragraph 19 are denied.

20.     The allegations contained in Paragraph 20 pertaining to Defendant Regional are denied. The remaining allegations contained in Paragraph 20 pertain to a party defendant other than Defendant Regional and therefore no response is required from Defendant Regional. To the extent a response is required, the remaining allegations contained in Paragraph 20 are denied.

21.     The allegations contained in Paragraph 21 pertaining to Defendant Regional are denied. The remaining allegations contained in Paragraph 21 pertain to a party defendant other than Defendant Regional and therefore no response is required from Defendant Regional. To the extent a response is required, the remaining allegations contained in Paragraph 21 are denied.

22.     The allegations contained in Paragraph 22 pertaining to Defendant Regional are denied. The remaining allegations contained in Paragraph 22 pertain to a party defendant other than Defendant Regional and therefore no response is required from Defendant Regional. To the extent a response is required, the remaining allegations contained in Paragraph 22 are denied.

23.     The allegations contained in Paragraph 23 pertaining to Defendant Regional are denied. The remaining allegations contained in Paragraph 23 pertain to a party defendant other than Defendant Regional and therefore no response is required from Defendant Regional. To the extent a response is required, the remaining allegations contained in Paragraph 23 are denied.

24.     Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24. Accordingly, the allegations contained in Paragraph 24 are denied.

25.     It is denied that Defendant Regional conducted any "deceptive actions." Except as stated, Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     It is admitted that a representative of Plaintiff contacted Defendant Regional regarding alleged advertising. It is denied that Defendant Regional "ran" deceptive ads. Except as stated, Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26. Accordingly, the remaining allegations contained in Paragraph 26 are denied.

27.     The allegations contained in Paragraph 27 pertaining to Defendant Regional are denied, it being specifically denied that Defendant Regional "ran" deceptive ads. With regard to the allegations in Paragraph 27 pertaining to the purported actions of Tom Holland, Jr., and "Mr. Holland's website manager," Defendant Regional is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and they are, therefore, denied. The remaining allegations contained in Paragraph 27 pertain to a party defendant other than Defendant Regional and therefore no response is required from Defendant Regional. To the extent a response is required, the remaining allegations contained in Paragraph 27 are denied.

28.     The allegations contained in Paragraph 28 pertaining to Defendant Regional are denied, it being specifically denied that Defendant Regional conducted any "deceptive actions" or created purported confusion regarding the names of the two companies. With regard to the allegations in Paragraph 28 regarding Plaintiff's business and revenue, Defendant Regional is without knowledge or information sufficient to form a belief as to the truth or falsity of these

allegations and they are, therefore, denied. The remaining allegations contained in Paragraph 28 pertain to a party defendant other than Defendant Regional and therefore no response is required from Defendant Regional. To the extent a response is required, the remaining allegations contained in Paragraph 28 are denied.

## PURPORTED FIRST CLAIM FOR RELIEF

29. The responses of Defendant Regional to Paragraphs 1 through 28 are incorporated herein by reference.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## PURPORTED SECOND CLAIM FOR RELIEF

36. The responses of Defendant Regional to Paragraphs 1 through 35 are incorporated herein by reference.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## PURPORTED THIRD CLAIM FOR RELIEF

43. The responses of Defendant Regional to Paragraphs 1 through 42 are incorporated herein by reference.

44. Denied.

45. Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

### PURPORTED FOURTH CLAIM FOR RELIEF

50.    The responses of Defendant Regional to Paragraphs 1 through 50 are incorporated herein by reference.

51.    The allegations of Paragraph 51 pertain to legal conclusions to which no response is required.  To the extent a response is required, denied.

52.    It is admitted that Defendant Regional and Plaintiff are in the same general business.  It is denied that Defendant Regional "ran" deceptive ads.  Except as admitted, denied.

53.    It is admitted that Defendant Regional and Plaintiff are in the same general business.  Except as admitted, Defendant Regional is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53. Accordingly, the remaining allegations contained in Paragraph 53 are denied.

54.    Denied.

55.    Denied.

56.    Denied.

### PURPORTED FIFTH CLAIM FOR RELIEF

57.    The responses of Defendant Regional to Paragraphs 1 through 56 are incorporated herein by reference.

58.    Denied.

59.    Denied.

60.    Denied.

### PURPORTED SIXTH CLAIM FOR RELIEF

61.    The responses of Defendant Regional to Paragraphs 1 through 60 are incorporated herein by reference.

62.    Denied.

63. Denied.

64. Denied.

65. Denied.

### PURPORTED SEVENTH CLAIM FOR RELIEF

66. The responses of Defendant Regional to Paragraphs 1 through 65 are incorporated herein by reference.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

### PURPORTED EIGHTH CLAIM FOR RELIEF

71. The responses of Defendant Regional to Paragraphs 1 through 70 are incorporated herein by reference.

72. Upon information and belief, it is admitted that the Google ads have been withdrawn by the entity that purchased them. It is further admitted that Defendant Regional has never used the name "Atlantic Foundation Repair" to do business. It is denied that any confusion could, or does, exist in this context. Except as stated, denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## FOURTH DEFENSE – INSULATING, INTERVENING AND SUPERVENING ACTS

As second and further defense, and alleged in the alternative, if the actions in advertising are found to be actionable as alleged in the Complaint, which is again expressly denied, then in that event, upon information and belief, Defendant Regional was passive and secondary and/or was insulated and superseded by the active, primary and intervening actions of other individuals

Case 5:18-cv-00106-BO   Document 1-1   Filed 03/22/18   Page 30 of 58

and/or entities. Therefore, Defendant Regional hereby specifically pleads that the actions complained of were not undertaken by Defendant Regional in bar of any recovery by Plaintiff.

## FIFTH DEFENSE –FEDERAL PREEMPTION

The Plaintiff's state law claims are preempted in whole or in part by federal law.

## SIXTH DEFENSE

The Plaintiff's claims are barred in whole or in part because Plaintiff has not acquired secondary meaning with respect to the mark(s) at issue.

## SEVENTH DEFENSE

The Plaintiff's causes of action, and each of them, are barred to the extent Plaintiff is seeking a double recovery for the same alleged wrongful conduct.

## EIGHTH DEFENSE

To the extent the Plaintiff's claims seek damages it will allegedly incur in the future, the Plaintiff's claims for such future damages fail as a matter of law because such damages are remote, speculative and contingent.

## NINTH DEFENSE

The Plaintiff's request for punitive damages fails as a matter of law because none of the Plaintiff's asserted claims provide a basis for the recovery of punitive damages.

## TENTH DEFENSE

The Plaintiff instituted this action knowing, or under circumstances such that it should have known, that its claims under the Lanham Act and/or North Carolina's Unfair and Deceptive Trade Practices Act are baseless, not asserted in good faith, frivolous and/or malicious. As such, Defendant is entitled to an award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117 and/or N.C. Gen. Stat. § 75-16.1.

## ELEVENTH DEFENSE

The Plaintiff's request for punitive damages is frivolous and/or malicious, and it knew or should have known as much when it asserted it. Therefore, Defendant is entitled to an award of reasonable attorneys' fees and costs pursuant to N.C. Gen. Stat. § 1D-45.

## TWELFTH DEFENSE – PUNITIVE DAMAGES

The Complaint, to the extent it seeks punitive or exemplary damages, violates the Defendant's rights of procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of North Carolina and, therefore, fails to state a cause of action for which either punitive or exemplary damages can be awarded. The Complaint, to the extent it seeks punitive or exemplary damages, violates Defendant Regional's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and also violates Defendant Regional's rights to substantive due process as provided in the Fifth and Fourteenth amendments of the United States Constitution and the Constitution of the State of North Carolina, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claimed, and as such, those claims should be dismissed. Furthermore, the imposition of punitive damages under a standard less that "beyond a reasonable doubt" violates the Defendant's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

## THIRTEENTH DEFENSE – PUNITIVE DAMAGES

The Complaint, to the extent it seeks punitive or exemplary damages, is barred by the provisions of N.C. Gen. Stat. § 1D-1, *et seq.* To the extent the Complaint is construed to state a claim for punitive damages, Defendant Regional requests a cap of those damages pursuant to N.C. Gen. Stat. § 1A-25.

## RESERVATION AND NON-WAIVER

Defendant Regional reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired at a later date.

## JURY DEMAND

Defendant Regional requests a trial by jury of all issues so triable.

**WHEREFORE,** having fully answered the Complaint, Defendant Regional Waterproofing, Inc. prays to the Court:

1. That the Plaintiff's claims be dismissed;

2. That the Plaintiff recover nothing from this Defendant;

3. That costs be taxed to the Plaintiff;

4. That a jury trial be held; and

5. For any such other relief that the Court may deem just and proper.

This 14th day of March, 2018.

MIDKIFF, MUNCIE & ROSS, P.A.

Nathan D. Childs
N.C. State Bar No. 35211
*Attorney for Defendant Regional Waterproofing, Inc.*
**1511 Sunday Drive, Suite 308**
**Raleigh, N.C. 27607**
**Telephone: (984) 232-0201**
**Fax: (984) 232-0307**
**Email: nchilds@midkifflaw.com**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing pleading was served

on the following parties to this action by depositing a copy of the same in the United States Mail

postage prepaid and addressed to:

<div align="center">

**James T. Johnson, Esq.**
**Chynna T. Smith, Esq.**
**DEMENT ASKEW, LLP**
**P.O Box 711**
**Raleigh, NC 27602**
***Attorneys for Plaintiffs***

</div>

This _____ day March, 2018.

MIDKIFF, MUNCIE & ROSS, P.C.

By: _____

Nathan D. Childs
N.C. State Bar No. 35211
*Attorney for Defendant Regional*
*Waterproofing, Inc.*
1511 Sunday Drive, Suite 308
Raleigh, N.C. 27607
Telephone: (984) 232-0201
Fax: (984) 232-0307
Email: nchilds@midkifflaw.com

**STATE OF NORTH CAROLINA**

**WAKE COUNTY**

ATLANTIC FOUNDATION &
REPAIR, LLC,

     Plaintiff,

vs.

REGIONAL WATERPROOFING,
INC., and BASEMENT SYSTEMS,
INC.

     Defendants.

**IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17-CVS-3589**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**NOTICE OF DESIGNATION AS
MANDATORY COMPLEX
BUSINESS CASE**

**N.C. Gen. Stat. § 7A-45.4**

Pursuant to N.C. Gen. Stat. § 7A-45.4, Defendant Regional Waterproofing, Inc. seeks to designate the above-captioned action as a mandatory complex business case. In good faith, and based on information reasonably available, Defendant Regional Waterproofing, Inc., through counsel, hereby certifies that this action meets the criteria for designation as a mandatory complex business case pursuant to N.C. Gen. Stat. § 7A-45.4(a), in that it involves a material issue related to disputes involving trademark law, including disputes arising under Chapter 80 of the General Statutes. N.C. Gen. Stat. § 7A-45.4(a)(4).

In support of this designation, Defendant Regional Waterproofing, Inc. shows unto the Court that Plaintiff's First Amended Complaint, served on February 12, 2018, includes purported claims for (1) Federal Trademark Infringement in Violation of Section 32 of the Lanham Act (Am. Compl. at pp. 7-8); (2) Federal False Designation of Origin and Unfair Competition in Violation of Section 43(a) of the Lanham Act (*id.* at pp. 8-9); (3) Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act (*id.* at pp. 10-11); and (4) Common Law Infringement of Trademark and Trade Name (*id.* at pp. 11-12). A copy of Plaintiff's First Amended Complaint is

{01395505.DOCX }

attached hereto as **Exhibit A**. Pursuant to N.C. Gen. Stat. § 7A-45.4(d), this designation is filed within thirty (30) days of receipt of service of the pleading seeking relief from Defendant Regional Waterproofing, Inc.

WHEREFORE, for the reasons stated herein, Defendant Regional Waterproofing, Inc. respectfully requests that this case be designated and administered a complex business case.

Respectfully submitted, this ___ day of March, 2018.

MIDKIFF, MUNCIE & ROSS, P.A.

Nathan D. Childs
N.C. State Bar No. 35211
*Attorney for Defendant Regional Waterproofing, Inc.*
1511 Sunday Drive, Suite 308
Raleigh, N.C. 27607
Telephone: (984) 232-0201
Fax: (984) 232-0307
Email: nchilds@midkifflaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing pleading was served on the following parties to this action by depositing a copy of the same in the United States Mail postage prepaid and addressed to:

**The Hon. James L. Gale**
**Chief Business Court Judge**
**211 North Greene Street**
**Greensboro, N.C. 27401**

**James T. Johnson, Esq.**
**Chynna T. Smith, Esq.**
**DEMENT ASKEW, LLP**
**P.O Box 711**
**Raleigh, NC 27602**
*Attorneys for Plaintiffs*

In addition, on this day, a copy of the foregoing notice was sent by email to:

**The Hon. Mark Martin**
**Chief Justice of the North Carolina Supreme Court**
**Via David F. Hoke**
(david.f.hoke@nccourts.org)

**The Hon James L. Gale**
**Chief Business Court Judge**
**Via Thomas W. Estes**
(thomas.w.estes@ncbusinesscourt.net)

This __14th__ day March, 2018.

MIDKIFF, MUNCIE & ROSS, P.C.

By: _____
Nathan D. Childs
N.C. State Bar No. 35211
*Attorney for Defendant Regional*
*Waterproofing, Inc.*
1511 Sunday Drive, Suite 308
Raleigh, N.C. 27607
Telephone: (984) 232-0201
Fax: (984) 232-0307
Email: nchilds@midkifflaw.com

{01395505.DOCX }

3

# EXHIBIT A

{01395737.DOCX }

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 3589

ATLANTIC FOUNDATION &
REPAIR, L.L.C.,

      Plaintiff,

      v.

REGIONAL WATERPROOFING, INC.,
and BASEMENT SYSTEMS, INC.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**FIRST AMENDED COMPLAINT**

Plaintiff Atlantic Foundation & Repair, L.L.C., pursuant to Rule 15 of the North Carolina Rules of Civil Procedure and with leave of court, hereby amends its Complaint originally filed in this matter by replacing said Complaint in its entirety with the following.

Plaintiff Atlantic Foundation & Repair, L.L.C., complaining of Defendants Regional Waterproofing, Inc. and Basement Systems, Inc., alleges and says as follows:

## PARTIES

1.    Plaintiff Atlantic Foundation & Repair, L.L.C. ("AF&R" or "Plaintiff") is a limited liability company duly organized and existing under the laws of the state of North Carolina. At the time this lawsuit was commenced, its principal place of business was in Garner, Wake County, North Carolina. Currently, its principal place of business is in Selma, Johnston County, North Carolina.

2.    Defendant Regional Waterproofing, Inc. ("Regional" or "Defendant") is a corporation organized and existing under the laws of the state of North Carolina with a principal place of business in Wake County, North Carolina.

3.     Defendant Basement Systems, Inc. ("Basement Systems") is a corporation organized and existing under the laws of the state of Connecticut with a principal place of business in Seymour Connecticut.   Basement Systems does business nationwide and throughout the state of North Carolina with offices and places of business in, among others, Wake County, Mecklenburg County, Forsyth County, and Sampson County.

## JURISDICTION AND VENUE

4.     The subject matter jurisdiction over this cause is conferred upon and vested in this Court under and by virtue of N.C. Gen. Stat. §§ 7A-240 and 7A-245.

5.     Venue for this cause is properly in this Court pursuant to N.C. Gen. Stat. §§ 1-79, 1-80 and 1-82.

## FACTS

6.     AF&R is a full service foundation repair business. AF&R has been operating business since 1999 and has been registered with the North Carolina Secretary of State since January 14, 2002.  AF&R began operating primarily in the Triangle area, but rapidly grew to performing operations in all areas of North Carolina. It now services North Carolina, South Carolina, and Virginia; however, most of its business is performed within a 100 mile radius of Raleigh.  AF&R also operates wholesale business through the United States.

7.     While it performs all types of foundation repair services, AF&R specializes in helical pier installation.  A helical pier is a metal rod drilled into the ground all the way down to competent soil that is attached to the underside of a foundation.  The helical pier provides stability and lift for foundations that are sinking or otherwise unstable.  AF&R also performs structural floor system repairs, crawl space drainage,

2

mold remediation, wood rot repair, masonry pier construction, complete crawl space / basement drainage / waterproofing services, concrete leveling, retaining wall repair, and basement wall repair.

8. AF&R is the owner of all rights, title and interest in the common law and registered trademark, "Atlantic Foundation & Repair," registered with the U.S. Patent and Trademark Office, Registration No. 2,937,577, for building foundation repair and stabilizing services, in Class 37 ("the AF&R Trademark" or "Trademark"). AF&R registered its Trademark in 2005 and has renewed the Trademark without lapse since then.

9. A true and accurate copy of the registration certificate is available on the USPTO website. Pursuant to 15 U.S.C. § 1057(b), the registration certificate constitutes prima facie evidence of the validity of the registration, of AF&R's ownership of the Trademark, and of AF&R's exclusive right to use the Trademark in commerce with the products and services specified above.

10. AF&R has enjoyed a reputation as one of the area's leading foundation repair businesses. This reputation is based largely on the quality of its work and reliability of its products.

11. AF&R has invested resources, including extensive advertising, to develop and foster the reputation, recognition, and goodwill associated with its services and products.

12. AF&R has used and continues to use its Trademark in all of its business dealings to identify its products and services.

3

13.     As a result of AF&R's continuous advertising, promotion, and business dealings under its trademarked name, the Trademark has acquired recognition and value throughout North Carolina and the United States.

14.     Regional initially began its business primarily as a waterproofing company. However in recent years, it has begun to perform foundation repair and many of the other services that AF&R offers, to the point that, now, both companies offer generally the same services.

15.     At all times alleged herein, each of these companies were, and are, very aware of the existence of the other. They are direct competitors for substantially the same business in the same market.

16.     Basement Systems is a large national company providing basement waterproofing services – substantially the same services that Regional and AF&R provides. Basement Systems has independently owned and operated vendors/dealerships throughout the country and throughout the state of North Carolina.

17.     At all times alleged herein, Regional was a vendor/dealership of and for Basement Systems. By and through the contractual relationship between Regional and Basement Systems, at all times alleged herein, Basement Systems provided all internet advertising services and on-line marketing services to Regional.

18.     With regard to acts related to internet advertising and on-line marketing referenced herein, at all times alleged herein, Regional was an agent of Basement Systems, and Basement Systems was an agent of Regional. Accordingly, Basement Systems is liable for all of the acts and wrongs committed by Regional as alleged herein, and Regional is liable for all of the acts and wrongs committed by Basement Systems as

4

alleged herein, through the theories of agency, respondeat superior, or as otherwise provided by law.

19.     While Regional was aware of the existence of AF&R as their direct competitor as referenced above, Basement Systems was also very aware of AF&R as their direct competitor.  In fact, Basement Systems had in the past solicited AF&R in an attempt to recruit them to become one of their vendors/dealerships.  AF&R declined these overtures.

20.     In or around mid-2016, or earlier, Defendants Regional and Basement Systems contacted Google and paid for at least two different search results page ads, and possibly more, to run on Google with the specific intent to deceive online users into thinking its business was AF&R or affiliated with AF&R.  These ads were intended to trick online users that were wanting to call or contact AF&R to call or contact Regional instead, by mistake.

21.     The first search results page ad that Defendants paid for was captioned "Atlantic Foundation Repair – regionalwaterproofing.com."  The search result entry had the Regional company phone number directly beneath the caption.  So, if anyone typed "Atlantic Foundation & Repair" into a Google search, this would be the first entry to appear in the search results.  A true and accurate copy of a screenshot of this search results page ad is attached as Exhibit A.

22.     Another search results page ad that Defendants paid for was captioned "Atlantic Foundation Repair – North Carolina Waterproofing Pros."  The search result entry had the Regional website and phone number directly beneath this caption.  Again, so for anyone that typed "Atlantic Foundation & Repair" into a Google search, this would

5

be the first entry to appear in the search results. A true and accurate copy of the screenshot of this ad is attached as Exhibit B.

23. Defendants' sole purpose in running these ads was to deceive and trick online customers that were looking for Atlantic Foundation & Repair into believing that Regional was Atlantic Foundation & Repair or was associated or affiliated with Atlantic Foundation & Repair. In these ads, Defendants adopted AF&R's name as its own, merely removing the "&" between "Foundation" and "Repair." Defendants may have run similar ads with the same intentions.

24. During this same timeframe, Tom Holland, Jr., President of AF&R, began noticing a significant drop in calls coming into its business. AF&R suffered a dramatic drop in business and revenue.

25. Eventually, in or around mid-January 2017, Mr. Holland and AF&R's website manager discovered Defendants' deceptive actions when they began noticing that when you did a Google search for AF&R, Regional was the first company that would appear in the search results.

26. Mr. Holland contacted the president of Regional, Mr. Vondell Bullock, Sr., and requested that he stop running these deceptive ads. Mr. Bullock's initial response was that he was not sure what Mr. Holland was talking about and that he would "check into it." Mr. Holland told Mr. Bullock the AF&R company name was a registered trademark. Mr. Holland gave Mr. Bullock a deadline to stop running the ads.

27. Regional and Basement Systems did not adhere to Mr. Holland's deadline and kept running the ads. Mr. Holland's website manager contacted Google and informed them of Defendants' actions. Mr. Holland retained counsel who then contacted

6

Mr. Bullock again and requested that Regional stop running the ads. Mr. Bullock admitted he knew what they were doing but indicated Regional did not intend to stop the ads. Shortly thereafter, however, it did appear that either Google on its own volition took the ads down, or Defendants stopped running the ads.

28. By the time Defendants ceased their deceptive actions, however, the damage had already been done. During the time that Defendants were intentionally running these deceptive ads on Google, AF&R lost a substantial amount of business and revenue. Since Defendants have stopped running these deceptive ads, AF&R's business has returned to normal; however, because these deceptive ads created confusion regarding the names of the two companies that still likely exists among many consumers, AF&R likely will continue to suffer damages as a result of Defendants' deceptive actions.

### FIRST CLAIM FOR RELIEF
#### (Federal Trademark Infringement in Violation of Section 32 of Lanham Act)

29. The allegations contained in paragraphs 1 through 28 above are realleged and incorporated herein by reference.

30. Defendants' actions constitute willful and deliberate use in commerce of reproductions, copies, and/or colorable imitations of AF&R's federally registered Trademark in connection with the sale, offering for sale, distribution, and advertising of Defendants' services and products in a manner likely to cause confusion, mistake, and deception, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. As a direct and proximate cause of Defendants' infringement, Defendants have received revenues and profits to which Defendants are not entitled, and AF&R has

7

suffered damages including without limitation, lost profits, impairment of the value of its name and Trademark, and loss of goodwill.

32.    Defendants' unlawful conduct as set forth herein was willful, deliberate, and in bad faith.

33.    AF&R is entitled to damages from Defendants, jointly and severally, in an amount to be proven at trial pursuant to 15 U.S.C. § 1117. Defendants are liable to AF&R, jointly and severally, for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

34.    Defendants' violations have irreparably damaged AF&R, and it has no adequate remedy at law. Unless enjoined, Defendants may continue the infringing use, causing further damage to AF&R and confusion among the public.

35.    Plaintiff has been directly and proximately damaged by the trademark infringement committed by Defendants in the form of loss of business, damage to its good will and reputation, and in other ways to be established at trial all in excess of Twenty-Five Thousand Dollars ($25,000.00).

### SECOND CLAIM FOR RELIEF
**(Federal False Designation of Origin and Unfair Competition in Violation of Section 43(a) of Lanham Act)**

36.    The allegations contained in paragraphs 1 through 35 above are realleged and incorporated herein by reference.

37.    Defendants have willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that have caused confusion and mistake as to the origin, sponsorship, or approval by AF&R of services promoted by Defendants.

8

This conduct constitutes unfair competition and infringement of AF&R's Trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     As a direct and proximate cause of Defendants' unfair competition and infringement, Defendants have received revenues and profits to which Defendants are not entitled, and AF&R has suffered damages including without limitation, lost profits, impairment of the value of its name and Trademark, and loss of goodwill.

39.     Defendants' unlawful conduct as set forth herein was willful, deliberate, and in bad faith.

40.     AF&R is entitled to damages from Defendants, jointly and severally, in an amount to be proven at trial pursuant to 15 U.S.C. § 1117.  Defendants are liable to AF&R, jointly and severally, for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

41.     Defendants' violations have irreparably damaged AF&R, and it has no adequate remedy at law.  Unless enjoined, Defendants may continue the unfair competition and infringing use, causing further damage to AF&R and confusion among the public.

42.     Plaintiff has been directly and proximately damaged by the unfair competition and trademark infringement committed by Defendants in the form of loss of business, damage to its good will and reputation, and in other ways to be established at trial all in excess of Twenty-Five Thousand Dollars ($25,000.00).

9

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution in Violation of
### Section 43(c) of Lanham Act)

43. The allegations contained in paragraphs 1 through 42 above are realleged and incorporated herein by reference.

44. Defendants' infringing use, which commenced after AF&R's Trademark became widely known and famous, has diluted and continues to dilute the AF&R Trademark by impairing the ability of the AF&R Trademark to serve as a unique identifier and by tarnishing the good reputation associated with the Trademark. This constitutes trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

45. As a direct and proximate cause of Defendants' trademark dilution, Defendants have received revenues and profits to which Defendants are not entitled, and AF&R has suffered damages including without limitation, lost profits, impairment of the value of its name and Trademark, and loss of goodwill.

46. Defendants' unlawful conduct as set forth herein was willful, deliberate, and in bad faith.

47. AF&R is entitled to damages from Defendants, jointly and severally, in an amount to be proven at trial pursuant to 15 U.S.C. § 1117. Defendants are liable to AF&R, jointly and severally, for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

48. Defendants' violations have irreparably damaged AF&R, and it has no adequate remedy at law. Unless enjoined, Defendants may continue the unfair

10

competition and infringing use, causing further damage to AF&R and confusion among the public.

49.    Plaintiff has been directly and proximately damaged by the unfair competition and trademark infringement committed by Defendants in the form of loss of business, damage to its good will and reputation, and in other ways to be established at trial all in excess of Twenty-Five Thousand Dollars ($25,000.00).

## FOURTH CLAIM FOR RELIEF
### (Common Law Infringement of Trademark and Trade Name)

50.    The allegations contained in paragraphs 1 through 49 above are realleged and incorporated herein by reference.

51.    Atlantic Foundation & Repair is an established valid trade name. Prior to Defendants' actions alleged herein, Plaintiff had continuously and exclusively used the name Atlantic Foundation & Repair and, therefore, had acquired a proprietary interest in the name Atlantic Foundation & Repair.

52.    Prior to running the above-referenced ads under the name "Atlantic Foundation Repair," Defendants had full knowledge of the existence of AF&R and had knowledge of the areas that AF&R did business and advertised. Defendants adopted Plaintiff's name as their own, the only change being that they removed the "&" between "Foundation" and "Repair."

53.    Plaintiff and Defendants are rivals in the same business and provide the same or substantially similar services to their customers.

54.    Defendants' use of the name "Atlantic Foundation Repair" created a confusing similarity between the names of the companies.

11

55. This confusing similarity was likely to, and has, misled prospective customers and the public as to the identity of the companies and the services and products they provide. Further, Plaintiff and Defendants operate in the same geographical market sufficient to warrant protection of the Court.

56. Plaintiff has been directly and proximately damaged by the trademark and trade name infringement committed by Defendants in the form of loss of business, damage to its good will and reputation, and in other ways to be established at trial all in excess of Twenty-Five Thousand Dollars ($25,000.00).

### FIFTH CLAIM FOR RELIEF
### (Civil Conspiracy)

57. The allegations contained in Paragraphs 1 through 56 above are realleged and incorporated herein by reference.

58. Defendants joined together in an agreement to commit an unlawful act, or do a lawful act in an unlawful way.

59. In pursuit of their civil conspiracy, Defendants conspired to deceive potential clients and customers of AF&R into believing that Regional was in fact AF&R or was affiliated with AF&R in some way. Defendants further conspired to harm AF&R as set forth above and in other ways to be established at trial.

60. The actions of Defendants were malicious, willful and wanton. Plaintiff has been damaged by Defendants' unlawful actions in furtherance of said conspiracy and Plaintiff is entitled to recover damages from Defendants, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), together with interest as allowed by law.

12

## SIXTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

61.     The allegations contained in Paragraphs 1 through 60 above are realleged and incorporated herein by reference.

62.     By paying for and running ads on Google with the specific intention of trying to trick clients and customers into believing that Regional was in fact AF&R or was affiliated with AF&R, and by their actions as further set forth above, specifically in paragraphs 17 through 28, and in other ways to be established through discovery and at trial, Defendants acted in a manner which had the capacity or tendency to deceive and acted unfairly.

63.     Defendants' actions, as set forth herein, were acts in or affecting commerce and constitute unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1 *et seq.*

64.     Defendants' unfair and deceptive trade practices have directly and proximately caused Plaintiff damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

65.     By reason of the foregoing, Plaintiff is entitled to have its damages trebled and have the costs of this action, including reasonable attorney's fees, taxed against Defendants, jointly and severally, pursuant to N.C. Gen. Stat. § 75-16 and N.C. Gen. Stat. § 75-16.1.

## SEVENTH CLAIM FOR RELIEF
### (Punitive Damages)

66.     The allegations contained in Paragraphs 1 through 65 above are realleged and incorporated herein by reference.

67. Defendants' actions in paying for and running ads on Google with the specific intention of trying to trick clients and customers into believing that Regional was in fact AF&R or was affiliated with AF&R, and their actions as further set forth above, specifically in paragraphs 17 through 28, were done with a malicious intent to harm and injure Plaintiff and Defendants knew or reasonably should have known said actions were reasonably likely to result in injury to Plaintiff.

68. Defendants' actions as alleged herein constitute malicious, willful and wanton conduct which resulted in damage to Plaintiff.

69. As a direct and proximate result of Defendants' malicious, willful and wanton conduct as alleged herein, Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

70. An award of punitive damages is warranted to punish Defendants' egregious conduct and to deter Defendants and others from engaging in similar conduct.

## EIGHTH CLAIM FOR RELIEF
### (Preliminary Injunction and Permanent Injunction)

71. The allegations contained in Paragraphs 1 through 70 above are realleged and incorporated herein by reference.

72. While it appears Defendants are no longer running the ads referenced herein, upon information and belief, Defendants may be continuing to use the name Atlantic Foundation Repair to do business. Confusion between this name and the name of Plaintiff, Atlantic Foundation & Repair, continues to exist. Every day that this confusion exists, Plaintiff will continue to suffer injury and harm in the form of lost business and damage to its good will and reputation.

14

73. The issuance of a preliminary injunction restraining Defendants from using the name Atlantic Foundation Repair is necessary for the protection of Plaintiff's rights and to maintain the status quo during the course of this litigation.

74. There is a likelihood that Plaintiff will succeed on the merits of this case. Plaintiff will introduce this Verified Complaint or other evidence as required by the Court at the hearing on Plaintiff's request for a preliminary injunction.

75. Further, in order to continue to protect the rights of Plaintiff, it is necessary to permanently enjoin Defendants from using the name Atlantic Foundation Repair.

76. Pursuant to the Federal Lanham Act, N.C. Gen. Stat. § 1-485 and pursuant to Rule 65 of the North Carolina Rules of Civil Procedure, Plaintiff requests that the Court issue a preliminary injunction and a permanent injunction restraining Defendants from using the name Atlantic Foundation Repair or participating in any other similar unfair trade practices.

WHEREFORE, Plaintiff respectfully prays the Court as follows:

1. That Plaintiff have and recover from Defendants, jointly and severally, as a result of federal trademark infringement, false designation of origin, federal unfair competition and trademark dilution, compensatory damages in the form of loss of business, damage to its good will and reputation, and all other compensatory damages to which Plaintiff is entitled pursuant to 15 U.S.C. § 1117, or as otherwise allowed by law, in an amount excess of Twenty-Five Thousand Dollars ($25,000.00);

15

2.    That, pursuant to 15 U.S.C. § 1117, Defendants account for and pay to Plaintiff all profits derived by Defendants resulting in Defendants' use of Plaintiff's Trademark;

3.    That Plaintiff have and recover from Defendants, jointly and severally, for common law trade name infringement and unfair and deceptive trade practices, pursuant to N.C. Gen. Stat. §§ 75-1.1 *et seq.*, 75-16 and 75-16.1, compensatory damages in the form of loss of business, damage to its good will and reputation, and all other compensatory damages to which it is entitled, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

4.    That the Court preliminarily during the pendency of this action, and permanently thereafter, enjoin Defendants from using the name "Atlantic Foundation Repair" or any other mark, word, name, symbol or slogan that is likely to cause confusion, mistake or deception with respect to Plaintiff's Trademark;

5.    That the damages awarded to Plaintiff be trebled pursuant to 15 U.S.C. § 1117 and/or N.C. Gen. Stat. § 75-16 and 75-16.1, or, in the alternative, that Plaintiff have and recover punitive damages from Defendants, jointly and severally, in an amount to be determined by the trier of fact;

6.    That Plaintiff have and recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and/or N.C. Gen. Stat. § 75-16 and 75-16.1, or as otherwise provided by law;

7.    That Plaintiff have trial by jury on all issues so triable;

8.    That the costs of this action be taxed against Defendants, jointly and severally; and

16

9.     That Plaintiff have such other and further relief as the Court may deem just and proper.

This the _12th_ day of February, 2018.

DeMENT ASKEW, LLP

By: _____
James T. Johnson
NC State Bar No. 19087
Chynna T. Smith
NC State Bar No. 48768
Post Office Box 711
Raleigh, North Carolina 27602
Tel. 919-833-5555
*Attorneys for Plaintiff*

17

## CERTIFICATE OF SERVICE

I, James T. Johnson, do hereby certify that the foregoing First Amended Complaint was served upon all parties of record by mailing a copy thereof to their counsel of record at the address indicated below with the proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service in Raleigh, North Carolina, in accordance with Rule 5 of the North Carolina Rules of Civil Procedure.

This the 12ᵗʰ day of February, 2018.

DeMENT ASKEW, LLP

By: _____
James T. Johnson
Chynna T. Smith
P.O. Box 711
Raleigh, NC 27602
Telephone: (919) 833-5555
*Attorneys for Plaintiff*

**SERVED:**

William T. Kesler, Jr., Esq.
Midkiff, Muncie & Ross, PC
1511 Sunday Dr., Ste. 308
Raleigh, NC 27607
*Attorneys for Regional Waterproofing*

18

https://www.google.com/search?q=atlantic+foundation+repair&oq=atlantic+foundation+repair&aqs=chrome..69i57.3231j0j1&sourceid=chrome&ie=UTF-8

Sign in

# Go gle

atlantic foundation repair

All    Maps    Shopping    Images    News    More     Settings   Tools

About 768,000 results (0.64 seconds)

**Atlantic Foundation Repair - regionalwaterproofing.com**
Ad www.regionalwaterproofing.com/ ▾ (877) 618-4684
North Carolina Waterproofing Pros. Free Inspections and Estimates!
Services: Foundation repair, Wet basement repair, Crawl space repair, Concrete lifting, Sump pumps, M...
Free Quotes · Basement Waterproofing · Crawl Space Repair
◆ 721 E Gannon Ave., Mail: PO Box 917, Zebulon, NC

**BDry Foundation Repair - BDry.com**
Ad www.bdry.com/FoundationRepair ▾ (704) 323-5699
Fast & Reliable Foundation Repair. Schedule An Inspection Today!
Fast, local service · Talk to the experts · Financing Available
A+ Accredited Business Since 1991 – Better Business Bureau
BDry Waterproofing · Videos · Schedule Your Inspection · B-Dry Pricing Structure

**Atlantic Foundation and Repair**
www.atlantic-foundation.com/ ▾
Welcome to Atlantic Foundation and Repair Systems. You may have come here because you have noticed the telltale signs of foundation problems inside or ...

See photos    See ou

## Atlantic Foundation & Repair    Website    Directions

Foundation in Garner, North Carolina

**Address:** 1455 Mechanical Blvd, Garner, NC 27529



Go gle    atlantic foundation repair

All   Maps   Shopping   Images   News   More ▾   Search tools

About 892,000 results (0.65 seconds)

**Atlantic Foundation Repair - North Carolina Waterproofing Pros**
Ad www.regionalwaterproofing.com/ ▾ (877) 618-4684
Free Inspections and Estimates!
Services: Foundation repair, Wet basement repair, Crawl space repair, Concrete lifting, Sump pumps...
📍 721 E Gannon Ave. Mail: PO Box 917, Zebulon, NC
    Basement Waterproofing     Free Quotes
    Crawl Space Repair

**BDry Foundation Repair - BDry.com**
Ad www.bdry.com/**FoundationRepair** ▾ (704) 323-5699
Fast & Reliable Foundation Repair. Schedule An Inspection Today!
Services: Basement Waterproofing, Crawl Space Waterproofing, Foundation Repair
Fast local service · Financing Available · Talk to the experts
B-Dry Pricing Structure · Schedule Your Inspection · Videos · BDry Waterproofing

**Atlantic Foundation and Repair**
www.atlantic-foundation.com/ ▾
Welcome to Atlantic Foundation and Repair Systems. You may have come here because you have
noticed the telltale signs of foundation problems inside or ...
You've visited this page many times. Last visit: 7/10/16

**Our Credentials - The Stabilizor - Atlantic Foundation and Repair**
www.atlantic-foundation.com/about-us/our-credentials/ ▾
in the years since we began diagnosing and fixing **foundation** problems. **Atlantic Foundation** &
**Repair** has gained a reputation for outstanding service. There are ...



Atlantic Foundation & Repair on Google

👤 Edit information

✎ 

📷 Add photos

📍 Do more with Google My Business

## Atlantic Foundation & Repair

See photos

Foundation in Garner, North Carolina

Website    Directions

See o...

EXHIBIT B